Mr. Harris for plaintiff.

Mr. Montgomery for defendant.

## HENRY MACFARLANE *vs.* GEORGE GILMORE.

An action cannot be sustained against one only of several joint contractors.
The vendor of a sh p cannot recover in an action for the purchase money, until he has first tendered a good and sufficient bill of sale.

This was an action brought to recover $900 and interest, on a contract.

It appeared that in December last the plaintiff entered into a written agreement with the defendant for the sale of the schooner "Snake." Macfarlane wrote out the agreement, binding h mself to sell the vessel to Gilmore, and deliver the same on the morrow or whenever it might suit the defendant. Gilmore wrote across the face of the writing, "I hereby bind myself to stand by this agreement," and signed the same. Afterwards he procured the signature of F. R. Vida under that of his own. The next day the "Snake" was delivered into Gilmore's possession, and he delivered her into the hands of a ship carpenter for repair. Subsequently he abandoned her and declined to fulfill his contract.

The counsel for the defendant made the following points: 1. The plaintiff cannot recover in an action against Gilmore alone, but should have brought his suit against Gilmore and Vida. The contract is joint on the part of Gilmore and Vida, and they cannot be severed in this action. 2. The plaintiff has never tendered the defendant a bill

of sale for the vessel; and until he does so, he cannot enforce the contract.

CHIEF JUSTICE LEE, after summing up the facts, charged the jury that the plaintiff could not sustain his action against Gilmore alone. It must be brought against Gilmore and Vida jointly, they being joint and not several contractors. Secondly, the contract is executory, and the plaintiff cannot recover the purchase money for the vessel, until he has first tendered to Gilmore and Vida a good and sufficient bill of sale. The general maritime law requires such a bill, as the proper muniment of the title of the vessel.

The jury returned their verdict in favor of the defendant.

Mr. Montgomery for plaintiff.

Mr. Burbank for defendant.